UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SEFE ALMADOM, | : | |
| Petitioner, | : | TRIAL CASE NO.: 13CR-1858 |
| vs. | : | |
| LEON HILL, Warden,<br>Marion Correctional Facility | : | |
| | : | |
| Respondent. | | |

## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, by and through the undersigned counsel, states unto this Court as follows:

I.     Jurisdiction and Venue

1.     This is a habeas corpus petition brought by an Ohio prisoner challenging his continued detention in an Ohio prison under the color of a judgment of conviction issued by Ohio's Franklin County Court of Common Pleas. The Petitioner is currently serving his sentence at the Marion Correctional Facility in Marion, Ohio.

2.     The Marion Correctional Facility is located within the Northern District of Ohio.

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 2254.

4.     Petitioner is an Ohio prisoner currently serving a life sentence based on a jury verdict finding him guilty of eleven counts of rape and four counts of gross sexual imposition against two child sisters. He was ultimately convicted of all counts and sentenced to life without parole plus 25 years to life.

5. Respondent Leon Hill is the Warden of the Marion Correctional Facility and is responsible for its administration and day-to-day functions. For reasons demonstrated in this Petition, Mr. Hill is detaining the Petitioner in violation of the Constitution of the United States.

II. Factual and Procedural Background

6. The Petitioner's appeal of right was affirmed by the Franklin County Court of Appeals on September 29, 2020.

7. On November 13, 2020, the Petitioner timely docketed a Notice of Appeal and a Statement of Jurisdiction with the Ohio Supreme Court.

8. The Ohio Supreme Court refused to hear the appeal on February 2, 2021.

9. The Petitioner had until May 3, 2021, to file for certiorari to the United States Supreme Court, but declined to do so.[1] Therefore, the Petition is due no later than May 3, 2022. This Petition is filed within that time period and is therefore timely.

10. The disputed events alleged happened between 2010 and 2013. Petitioner was tried and convicted twice.

11. The original charges involved allegations of assaulting three siblings. The Prosecutor dismissed the single count relating to the youngest child during the first trial.

12. Petitioner's convictions were later reversed based upon repeated references by the Trial Court and Prosecutor in describing the three girls as "victims." *State v. S.A.A.*, 10th Dist. No. 15AP-852, 2016-Ohio-1553, and a finding of ineffective assistance of counsel.

---

[1] At the time, the US Supreme Court was under temporary COVID rules which gave the Petitioner additional time to file his certiorari petition. Out of an abundance of caution, the Petitioner is not utilizing these dates in this date calculation but reserves the right to raise the issue that his due date was actually later than this date.

13. A second trial began on July 17, 2017, purportedly to focus solely on those offenses charged in relation to the remaining two girls.

14. The Ohio Court of Appeals summarized the facts concerning the Petitioner's case as follows:

> {¶ 2} On April 4, 2013, a Franklin County Grand Jury indicted appellant for five counts of gross sexual imposition and eleven counts of rape of three young sisters, P.T., T.A., and K.T., in years 2010, 2011, 2012, and 2013. Appellant pled not guilty. A trial was held on fifteen of the sixteen originally indicted counts and the jury found appellant guilty of all tried counts. The 16th count, the only count involving the youngest of the three girls, K.T., was not tried to completion and was dismissed by the state during trial.
>
> {¶ 3} On April 14, 2016, this court reversed the convictions finding appellant was denied due process and a fair trial and his right to effective assistance of counsel. This court found, however, that sufficient evidence supported the jury's verdicts and therefore reversed and remanded the case to the trial court for a new trial. *State v.* [*S.A.A.*], 10th Dist. No. 15AP-852, 2016-Ohio-1553.
>
> {¶ 4} On July 17, 2017, the trial began for a second time on remand. At trial, seven witnesses testified, including the detective who investigated the case, two social workers who interviewed the children at the Child Advocacy Center ("CAC"), a nurse who examined the children, the children's mother, and the two sisters, P.T. and T.A., who were teenagers at the time of the second trial.
>
> {¶ 5} The jury found appellant guilty on all fifteen counts. The trial court sentenced appellant on August 23, 2017. The trial court denied appellant's request to merge the offenses and ultimately imposed life without parole plus 25 years to life. Specifically, the trial court imposed 5 years to be served concurrently on each of the 4 gross sexual imposition counts, 25 years to life on each of the 6 rape counts related to P.T., and life without parole for each of the 5 rape counts related to T.A., with one of the rape counts for P.T. to be served consecutively to one of the rape counts for T.A.

*State v. S.A.A.*, 2020-Ohio-4650, ¶¶ 1-5, *appeal not allowed,* 2021-Ohio-254, ¶¶ 1-5, 161 Ohio St. 3d 1421, 161 N.E.3d 717.

15. Petitioner appealed his conviction, which the Ohio Court of Appeals (Franklin County) affirmed in an unpublished split decision; Judges Dorrian and Schuster for the majority and Judge Brunner dissenting in part and concurring in part.

16. On his appeal of right, the Petitioner presented the following issues:

> I. THE DENIAL OF [S.A.A.'S] SEVERAL MOTIONS FOR MISTRIAL WAS AN ABUSE OF DISCRETION BY THE TRIAL COURT.
>
> II. THE PROSECUTOR'S MISCONDUCT DENIED [S.A.A.] A FAIR TRIAL AND DUE PROCESS OF LAW, IN VIOLATION OF HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION, ARTICLE 1, §§ 10 AND 16, OF THE OHIO CONSTITUTION, AND O.R.C. § 2901.05.
>
> III. THE TRIAL COURT ERRED IN REFUSING TO INSTRUCT THE JURY REGARDING SPOLIATION OF EVIDENCE.
>
> IV. [S.A.A.'S] RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW WERE VIOLATED WHEN THE TRIAL COURT ALLOWED THE STATE TO PRESENT IRRELEVANT, CUMULATIVE, OVERLY PREJUDICIAL EVIDENCE ABOUT ALLEGATIONS OF A SEXUAL ASSAULT FOR WHICH THE ACCUSED WAS NOT ON TRIAL.
>
> V. [S.A.A.'S] CONVICTION WAS LEGALLY INSUFFICIENT AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> VI. [S.A.A.'S] RIGHT TO DUE PROCESS AND A FAIR TRIAL WERE VIOLATED THROUGH CUMULATIVE ERROR.
>
> VII. THE TRIAL COURT ERRED IN FAILING TO MERGE COUNTS 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, AND 15.

17. With respect to Issue II, the Petitioner argued the State prosecutor engaged in repeated and calculated misconduct by repeatedly eliciting testimony regarding alleged incidents outside the scope of the indictment.

18. Petitioner's State Court brief argued:

(1) the Prosecutor exploited every opportunity to have the jury hear testimony relating to the charge against Appellant regarding K.T., which was dismissed prior to trial,

(2) the Prosecutor solicited information regarding additional uncharged accusations involving T.A.,

(3) the Prosecutor failed to comply with the Trial Court's limiting instruction to exclude testimony or recordings relating to K.T., and

(4) the Prosecutor made improper comments and vouched for the credibility of the witnesses in his closing argument.

19. At issue was the trial court's repeated failure, as a matter of law, not discretion, in allowing evidence of uncharged crimes and other evidence that was irrelevant and otherwise highly prejudicial and inflammatory. Here the Court of Appeals failed in its assessment. As noted by the dissent, no consideration was given to the fact that the jury heard testimony, in part, about the kidnapping and forcible sexual abuse of a small child for whom all charges were dismissed. Here, the jury heard evidence of fifteen separate references relating to these accusations.

20. The Ohio Court of Appeals (the last judge rendering on the merits) plainly recognized the federal character of the issue. With respect to his prosecutorial misconduct issue, the Ohio Court of Appeals majority noted:

> When reviewing a claim of prosecutorial misconduct, " '[t]he relevant question is whether the prosecutors' comments "so infected the trial with unfairness as

5

> to make the resulting conviction a denial of due process." ' " *State v. McKelton*, 148 Ohio St.3d 261, 308, 2016-Ohio-5735, ¶ 257, 70 N.E.3d 508, quoting *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). "To answer that question, we consider whether the conduct was improper and whether it prejudicially affected the defendant's substantial rights." Id., citing *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, ¶ 243, 9 N.E.3d 930. In evaluating prejudice, we determine the effect of the misconduct "on the jury in the context of the entire trial." *State v. Keenan*, 66 Ohio St.3d 402, 410, 613 N.E.2d 203 (1993), citing *Donnelly* at 643-45, 94 S.Ct. 1868.

*State v. S.A.A.*, 2020-Ohio-4650, ¶ 52, *appeal not allowed,* 2021-Ohio-254, ¶ 52, 161 Ohio St. 3d 1421, 161 N.E.3d 717. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) and *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974) are the leading U.S. Supreme Court decisions holding that not only is a prosecutor guilty of misconduct by making false or inflammatory statements, but also that the issue is cognizable on federal habeas corpus.

21. Judge (now Justice) Brunner, in dissent, agreed that there was prosecutorial misconduct and noted the constitutional aspect of the same when she noted:

> No less an authority than the United States Supreme Court has repeatedly pronounced that presumption of innocence is "that bedrock axiomatic and elementary principle whose enforcement lies at the foundation of the administration of our criminal law." (Internal quotation marks omitted.) In *re Winship*, 397 U.S. 358, 363 (1970), quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895); see also, e.g., *Betterman v. Montana,* 578 U.S. 437, 442, 136 S.Ct. 1609, 1614, 194 L.Ed.2d 723, 730 (2016); *Reed v. Ross*, 468 U.S.1, 4 (1984); *Deutch v. United States*, 367 U.S. 456, 471 (1961).
>
> The State's counsel in the second trial exhibited exceedingly poor judgment and failed to live up to key tenets of Ohio's "A Lawyer's Creed" in not offering respect and courtesy to the Court, in not offering "fairness, integrity and civility" to those involved in the second trial, in "knowingly mak[ing] misleading or untrue statements of fact or law" and in apparently failing to "recognize that [his] actions and demeanor reflect upon our system of justice

and our profession" and not conducting himself "accordingly." The Supreme Court of Ohio, *Professional Ideals for Ohio Lawyers & Judges*, at 4 (Feb. 3, 1997), www.supremecourt.ohio.gov/Publications/AttySvcs/proldeals.pdf (accessed Sept. 3, 2020).

22. Justice Brunner's dissent makes it clear that she appreciated that this misconduct explicitly implicated not only due process, but also the reasonable doubt standard.

23. All three judges cited to controlling U.S. Supreme Court authority, thus making it clear that they fully appreciated the constitutional character of these issues.

24. The Petitioner presented his case to the Ohio Supreme Court, raising the following proposition of law:[2]

> An accused's right to a fair trial and due process of law are irreparably harmed when the trial court admits evidence relating to uncharged crimes, and irrelevant, highly prejudicial, inflammatory statements.

25. The Petitioner expressly adopted the reasoning of the dissent in the Ohio Court of Appeals. Jurisdictional Statement, p. 12. As noted above, both the majority and the dissent recognized and cited to leading US Supreme Court cases addressing prosecutorial misconduct.

---

[2] Petitioner raised one other issue to the Ohio Supreme Court:

> In deciding whether a videotaped interview of a suspected child abuse victim falls under the hearsay exception as a "medical diagnosis" pursuant to Evid.R. 803(4), the trial court must first review the recorded interview to determine whether the objective purpose of the statements were of a forensic or medical nature.

Counsel is not pursuing that issue in this Court because of its state law character.

7

III. Grounds for Habeas Review

26. Petitioner now brings this habeas corpus action asserting that the Prosecutor's misconduct violated the due process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and directly diluted the Prosecutor's duty to prove the Defendant guilty beyond a reasonable doubt for reasons stated above.

27. Petitioner believes that the state court ruling is objectively unreasonable and requests the opportunity to provide a full briefing at the appropriate point.

28. This was a hotly contested case, and the error was not harmless within the meaning of *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). There was a substantial and injurious effect on the verdict.

29. Attached to this document for this Court's reference is:

   A. A copy of the Judgment of Conviction;

   B. A copy of the Ohio Court of Appeals Decision (First Appeal);

   C. A copy of the Ohio Court of Appeals Decision (Second Appeal);

   D. The decision of the Ohio Supreme Court Declining Jurisdiction.

RELIEF

WHEREFORE, Petitioner prays this Court:

A. Order the Respondent to answer;

B. Grant this writ and order the Petitioner's release from confinement;

C. Grant a stay and abate should this Court decide that any issues presented in this Petition are not properly exhausted; and,

D. At minimum, grant a Certificate of Appealability to the United States Court of Appeals for the Sixth Circuit.

Respectfully submitted,

/s/ Stephen E. Palmer
_____
Stephen E. Palmer (0065265)
**Yavitch & Palmer Co., L.P.A.**
511 South High Street
Columbus, Ohio 43215
614.224.6142 P
614.228.6078 F
spalmer@ohiolegaldefense.com

Attorney for Petitioner