# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SEFE A. ALMEDOM,

        Petitioner,    :    Case No. 2:22-cv-2229

- vs -    District Judge Michael H. Watson
    Magistrate Judge Michael R. Merz

LEON HILL

        :
        Respondent.

## SECOND ORDER TO FILE AMENDED REPLY

This habeas corpus action is before the Court upon the filing of Petitioner's Amended Reply (ECF No. 16). It was filed in response to the Court's Order for an amended reply (ECF No. 15) which required Petitioner to bring his Reply into compliance with S. D. Ohio Civ. R. 7.2(b)(3) which provides:

> (3) **Record Citations.** Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number of the document referenced (e.g., Motion to Dismiss, ECF No. 12 at PageID 123).

(Order, ECF No. 15, PageID 1561-62).

Even a cursory examination of the Amended Reply shows its non-compliance. Footnote 2, for example, which appears on the very first page reads "2 Indictment, Exhibit 1; ECF PageID 12-20." (Am. Reply, ECF No. 16, PageID 1463). Where is the appropriate prescribed docket

1

number?

The Amended Reply then proceeds to quote at length from the dissenting opinion of Judge (now Justice) Jennifer Brunner on Petitioner's second appeal (Am. Reply, ECF No. 16, PageID 1463-67). The quotation contains literally dozens of record references, but no citation in the form required by S. D. Ohio Civ. R. 7.2(b)(3). For example, Judge Brunner referenced testimony that Petitioner threatened his victims, telling them, *inter alia*, that "their mother, whom he claimed was a prostitute [who] frequented strip clubs. (Tr. at 674-75.)" (Am. Reply, ECF No. 16, PageID 1467). Suppose this Court wanted to check that citation. How would we go about it? First of all, we would assume that the abbreviation "Tr." referred to the trial transcript. Then we would see if that portion of the trial transcript was part of the record in this Court. Then we would scroll to that page of the transcript and read it where we would find, not an exact quotation such as is represented in the Amended Reply, but of which Judge Brunner's language is a fair summary[1]. But that search took fifteen minutes. The purpose of S. D. Ohio Civ. R. 7.2(b)(3) is to permit using a digitized record to avoid page-by-page analogue searching, which is what was required here. So far as the Magistrate Judge is aware, the legal community has not questioned the validity of S. D. Ohio Civ. R. 7.2(b)(3) which received the consent of the Sixth Circuit Judicial Council before becoming effective. Nor did Petitioner object to the original Order to Amend.

Once the reader gets beyond the quotations from Judge Brunner's dissent, the failure to conform continues. For example, at Am. Reply, ECF No. 164, PageID 1470, Petitioner writes the following footnotes:

> 17 Memorandum in Support of Jurisdiction, Exhibit 14, ECF
> PageID 290 (citing *Martin v. Parker*, 22 F.3d 613 (6th Cir. 1993)).

---

[1] Given Justice Brunner's reputation, that is what we would have expected to find. But we cannot indulge that expectation with every source cited in a filing.

>   19 Memorandum in Support of Jurisdiction, Exhibit 14, ECF PageID 290-291.

Where is the docket or ECF No. for these two citations? Again, the point is not that the Court could not find the cited portions of the record. Rather, the pinpoint citation rule economizes judicial time and is a valid and appropriate way of doing so.

Accordingly, it is hereby ORDERED that Petitioner file a second amended reply which complies with S. D. Ohio Civ. R. 7.2(b)(3) not later than April 10, 2023.

April 3, 2023.

s/ Michael R. Merz<br>
United States Magistrate Judge