IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

SEFE A. ALMEDOM,

       Petitioner,       :       Case No. 2:22-cv-2229

- vs -       District Judge Michael H. Watson
      Magistrate Judge Michael R. Merz

LEON HILL

      :

       Respondent.

## REPORT AND RECOMMENDATIONS

This is an action on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, brought by Petitioner Sefe Almedom with the assistance of counsel.  It is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10), and the Second Amended Reply (ECF No. 18).

**Litigation History**

On April 4, 2013, the Franklin County grand jury indicted Petitioner on five counts of gross sexual imposition and eleven counts of rape in violation of Ohio Rev. Code § 2907.05 and § 2907.02, respectively. The indictment alleged that the sexual assaults occurred in years 2010, 2011, 2012, and 2013 against three young sisters, P.T., T.A., and K.T., when they were under the age of thirteen. (Indictment, State Court Record, ECF No. 9, Ex. 1, Page ID 11).

1

At his first trial, Petitioner was convicted on fifteen of sixteen counts, but the Tenth District reversed on the basis of prejudicial comments by the trial judge and remanded for a new trial. *State v. Almedom*, 2016-Ohio-1553 (10th Dist. Apr. 14, 2016). Petitioner was again found guilty on fifteen counts and sentenced to life without parole plus twenty-five years to life. Almedom appealed raising seven assignments of error, but the Tenth District affirmed. *State v. S.A.A.*, 2020-Ohio-4560 (Sept. 29, 2020).

Petitioner appealed to the Supreme Court of Ohio, pleading the following propositions of law:

> In deciding whether a videotaped interview of a suspected child abuse victim falls under the hearsay exception as a "medical diagnosis" pursuant to Evid.R. 803(4), the trial court must first review the recorded interview to determine whether the objective purpose of the statements were of a forensic or medical nature.
>
> An accused's right to a fair trial and due process of law are irreparably harmed when the trial court admits evidence relating to uncharged crimes, and irrelevant, highly prejudicial, inflammatory statements.

(Memorandum in Support of Jurisdiction, State Court Record, Ex. 14). The Supreme Court declined to exercise jurisdiction. *State v. S.A.A.,* 161 Ohio St.3d 1421 (2021). Almedom then filed his Petition in this Court, pleading: "26. Petitioner now brings this habeas corpus action asserting that the Prosecutor's misconduct violated the due process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and directly diluted the Prosecutor's duty to prove the Defendant guilty beyond a reasonable doubt for reasons stated above." (Petition, ECF No. 1, PageID 8).

**Procedural Default**

Respondent asserts that Almedom's sole ground for relief – prosecutorial misconduct -- is

barred by his procedural default in failing to present that claim to the Supreme Court of Ohio (Return, ECF No. 10, PageID 1410). Petitioner responds at some length about how exhaustion is not a jurisdictional bar and various comments by Supreme Court Justices about not burdening state supreme courts with issues they prefer not to decide (Second Amended Reply, ECF No. 18, PageID 1503-06). He concludes this portion of the Second Amended Reply by noting that the Tenth District Court of Appeals fully understood his prosecutorial misconduct claim was a constitutional one and decided it on the merits. He concludes, "Typically, issues not presented to the Ohio Supreme Court are generally considered. But this rule is not carved in stone. Where the underlying state law restricts the issues that may be presented to it on discretionary appeal, the exhaustion doctrine does not override state law." *Id.* at PageID 1505-06.

While Petitioner has the general law right, he is wrong in its application here. There was nothing in this preventing Almedom from presenting his prosecutorial misconduct claim to the Supreme Court of Ohio, particularly where he had presented it strongly to the Tenth District and received a decision on the merits. And while it may not be written anywhere in stone, its is clearly the law. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47(1999). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan)*.

Almedom offers no cause and prejudice argument to excuse his failure to include this claim in his Ohio Supreme Court appeal and he offers no new evidence of actual innocence in excuse to open the *Schlup* gateway. See *Schlup v. Delo*, 513 U.S. 298 (1995).

**Conclusion**

Respondent's procedural default defense is well taken and should be upheld. It is therefore respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 18, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
