# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SEFE A. ALMEDOM,

        Petitioner,    :    Case No. 2:22-cv-2229

- vs -    District Judge Michael H. Watson
    Magistrate Judge Michael R. Merz

LEON HILL

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Sefe Almedom with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 22) to the Magistrate Judge's Report and Recommendations (ECF No. 19) recommending dismissal.  District Judge Watson has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 23).

Petitioner was convicted by a jury on fifteen counts of sexual assault on three young women under the age of thirteen and sentenced to life imprisonment plus twenty-five years to life.  Seeking relief from that sentence, he pleads one ground for relief:  "the Prosecutor's misconduct violated the due process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and directly diluted the Prosecutor's duty to prove the Defendant guilty beyond a reasonable doubt for reasons stated above." (Petition, ECF No. 1, PageID 8).

Respondent asserts this prosecutorial misconduct claim is procedurally defaulted because it was not fairly presented to the Supreme Court of Ohio on direct appeal (Return of Writ, ECF No. 10,

1

PageID 1410). The undersigned found this defense well taken and recommended dismissal, relying principally on *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47(1999)(Report and Recommendations ("Report"), ECF No. 19, PageID 1520).

**Petitioner's Objections**

Petitioner objects. He concedes that he did not use the term "prosecutorial misconduct" in his appeal to the Supreme Court of Ohio, but asserts "he raised the substance of this claim in the Second Proposition of Law, which states: "An accused's right to a fair trial and due process of law are irreparably harmed when the trial court admits evidence relating to uncharged crimes, and irrelevant, highly prejudicial, inflammatory statements." (Objections, ECF No. 22, PageID 1526).

In attempted justification of presenting a trial court error claim instead of a prosecutorial misconduct claim, Petitioner points to the fifteen-page limit on memoranda in support of jurisdiction. *Id.*, citing Ohio Sup. Ct. R. Prac. 7.02(C)(4). He claims correct strategy to get the Supreme Court to accept jurisdiction is to present issues "the Ohio Supreme Court will deem relevant beyond the scope of the case under review." He claims Ohio Supreme Court review is not intended for "mere error correction," but then cites recent dissenting opinions of Justices Donnelly and Stewart in support. *Id.* at PageID 1527.

Petitioner admits he did not raise in the Ohio Supreme Court the same prosecutorial misconduct claim he makes here, but asserts:

> The Second Proposition of Law specifically references "a fair trial and due process of law." Id. at PageID 287, 296. These concepts clearly supported the claim that the trial court improperly admitted the inflammatory evidence in question. But they are also the same fundamental tenants [sic] of prosecutorial misconduct.

*Id.* The factual basis of his claim of trial court error is that the jury heard both in-court testimony

2

from the victims and then watched a video in which they described the same misconduct (Objections, ECF No. 22, PageID 1528).

Petitioner concludes:

> The essence of the issue presented to the Ohio Supreme Court is the same as if the issue were labeled as "prosecutorial misconduct." . . . the arguments rely on notions of a fair trial and Due Process of Law as guaranteed by the United States Constitution—the same underlying constitutional theories raised in the Petition.

*Id.* Almedom's theory, then, is that, in presenting his claim as a trial court error, he also fairly presented his prosecutorial misconduct claim because both are based on the same facts and both claim denial of due process and a fair trial.

## Analysis

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009). That includes a state supreme court on direct review. *O'Sullivan, supra*.

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d

3

674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

On habeas review of a prosecutorial misconduct claim, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 40 L. Ed. 2d 431, 94 S. Ct. 1868 (1974)). "Even if the prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003).

In order to obtain relief on a prosecutorial misconduct claim, a habeas petitioner must demonstrate that the prosecution's conduct was both improper and so flagrant as to warrant reversal. *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003). While the ultimate conclusion of a successful prosecutorial misconduct claim will be that the trial was rendered unfair and thus a denial of due process, the steps leading to that conclusion are different from those leading to a

conclusion that the trial court committed error by "admitting evidence relating to uncharged crimes, and irrelevant, highly prejudicial, inflammatory statements." (Quoted from Memorandum in Support of Jurisdiction, State Court Record, ECF No. 9, Ex. 14).

Petitioner asserts he chose the trial court error claim over the prosecutorial misconduct claim because it was more likely to get Supreme Court review, yet he offers no evidence for this proposition. Recalling Justices Donnelly and Stewart's point about "mere error correction," we are left to wonder why he thought the Ohio Supreme Court more likely to accept for review a trial error claim than a prosecutorial misconduct claim. Petitioner also notes the fifteen-page limit on memoranda in support of jurisdiction, but does not explain why trial court error would take less space than prosecutorial misconduct.

The Magistrate Judge acknowledges that thorough presentation of an issue to a state supreme court can be in tension with the state court's need to manage its caseload, for example, by imposing page limits. The United States Supreme Court does not insist the state courts decide every issue presented to the, but only that they be given a fair opportunity to do so. *O'Sullivan, supra*; see also *Allen v. McCurry*, 449 U.S. 90 (1980). Petitioner did not fairly present his prosecutorial misconduct claim to the Ohio Supreme Court and it is thus procedurally defaulted.

**Certificate of Appealability**

The Report recommended Petitioner be denied a certificate of appealability because it concluded reasonable jurists would not disagree with its conclusion, to wit, that the prosecutorial misconduct claim was barred by procedural default (Report, ECF No. 19, PageID 1521).

Petitioner disagrees and seeks a certificate because "[a]t least one competent jurist—Justic

[sic] Brunner—recognized the constitutional concerns surrounding Petitioner's underlying claims." (Objections, ECF No. 22, PageID 1529).  Petitioner provides no record reference, but Jennifer Brunner's dissent occurred while she was Judge Brunner of the Tenth District Court of Appeals, prior to her becoming Justice Brunner of the Ohio Supreme Court (Dissenting Opinion, State Court Record, ECF No. 9, Ex. 12).  She would have held "the trial court erred as a matter of law when it failed to review videos of forensic interviews of the children before the videos were played in their substantial entirety before the jury." *Id.* at ¶ 123.  Thus her opinion does not speak to whether it was prosecutorial misconduct to present the video to the jury, much less the determinative question whether Petitioner procedurally defaulted that claim by not presenting it to the Ohio Supreme Court.

Before adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), habeas petitioners who lost in District Court could freely appeal to the circuit courts.  But in the AEDPA Congress imposed the certificate requirement.  It is codified in 28 U.S.C. § 2253 and commits the question to "a circuit justice or judge."  However, the circuit courts quickly delegated the question to the district courts.  *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997).  Denial of a certificate is not appealable, but the circuit courts regularly consider the issue *de novo* and often grant a certificate where the District Court has denied one.  The Supreme Court has codified the duty of District Courts to decide the question in the first instance by adopting Rule 11 of the Rules Governing § 2254 Proceedings in 2009.

To obtain a certificate of appealability, a petitioner must show at least that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further.  *Banks v. Dretke*, 540 U.S. 668, 705 (2004);

6

*Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017). The first test suggests an objective inquiry: if reasonable jurists could disagree, presumably some have and the written opinions of all federal judges are publicly accessible, whether or not "published." The second inquiry seems more subjective.

Petitioner's requests fails on both standards. He has cited no jurist who would find his prosecutorial misconduct claim preserved under the circumstances of this case nor is the law of procedural default in need of further clarification on what constitutes "fair presentation." Accordingly, the request for a certificate of appealability should be denied.

May 26, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

7