# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Sefe A. Almedom,

    Petitioner,

  v.

Leon Hill,

    Respondent.

       Case No. 2:22-cv-2229

       Judge Michael H. Watson

       Magistrate Judge Merz

## OPINION AND ORDER

Sefe A. Almedom ("Petitioner") objects to aspects of the Report and Recommendations ("R&R") issued by the Magistrate Judge in this habeas corpus case.  Obj., ECF Nos. 22 & 25.  For the following reasons, the Court **OVERRULES** Petitioner's objections and **ADOPTS** both R&Rs.

## I.  BACKGROUND

In 2013, Petitioner was indicted on five counts of gross sexual imposition and eleven counts of rape.  State Record, ECF No. 9 at PAGEID # 12–20.  Petitioner went to trial and was convicted on all counts.  *Id*. at PAGEID # 51.  Petitioner appealed, and the Tenth District Court of Appeals remanded for a new trial because of some prejudicial comments the trial judge made.  *State v. Almedom*, No. 15AP-852, 2016 WL 1461839 (Ohio Ct. App. Apr. 14, 2016).  In the second trial, Petitioner was again found guilty on all counts.  State Record, ECF No. 9 at PAGEID # 51–54.  The trial court sentenced him to, among other

things, life imprisonment without the possibility of parole. *Id*. Petitioner again appealed to the Tenth District, which affirmed his convictions and sentence. *Id*. at PAGEID # 225–80.

Petitioner appealed to the Supreme Court of Ohio on these propositions of law:

> In deciding whether a videotaped interview of a suspected child abuse victim falls under the hearsay exception as a "medical diagnosis" pursuant to Evid. R. 803(4), the trial court must first review the recorded interview to determine whether the objective purpose of the statements were of a forensic or medical nature.

> An accused's right to a fair trial and due process of law are irreparably harmed when the trial court admits evidence relating to uncharged crimes, and irrelevant, highly prejudicial, inflammatory statements.

*Id*. at PAGEID # 286–356. The Supreme Court of Ohio declined to accept jurisdiction over the appeal. *Id*. at PAGEID # 377. Petitioner then filed his Petition for habeas corpus, asserting one ground for relief: prosecutorial misconduct. Pet., ECF No. 1.

## II.    REPORT AND RECOMMENDATION

Pursuant to the Court's General Orders, Magistrate Judge Merz issued an R&R on Petitioner's Petition. R&R, ECF No. 19. The R&R recommends dismissing the Petition because Petitioner's sole ground for relief is procedurally defaulted. *Id*. Petitioner timely objected to various portions of the R&R, ECF No. 22, and the Court recommitted the matter to the Magistrate Judge for further consideration, ECF No. 23. The Magistrate Judge then issued a Supplemental R&R, which still recommended dismissing the Petition as procedurally defaulted.

Case No. 2:22-cv-2229                                    Page 2 of 7

Supp. R&R, ECF No. 24. Petitioner has timely objected to the Supplemental R&R. ECF No. 25.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that Petitioner properly objected to.

## IV. ANALYSIS

The R&R recommends dismissing the petition because Petitioner's only ground for relief, prosecutorial misconduct, is procedurally defaulted.[1] ECF No. 19. Petitioner objects. ECF Nos. 22 & 25. In his first objection, Petitioner argues that the second proposition of law (the "Second Proposition") he appealed to the Supreme Court of Ohio referenced the denial of a fair trial and due process of law. ECF No. 22. He argues these are the "fundamental tenants" of a prosecutorial misconduct claim and, therefore, the "essence of the issue" presented to the Supreme Court of Ohio is the same as the prosecutorial misconduct claim he now asserts. *Id.* In his second objection, Petitioner argues that his state appellate counsel chose the most strategic framing of the Second Proposition, which was trial court error, not prosecutorial misconduct. ECF No. 25. Petitioner summarizes his objections as follows:

> In sum, the Ohio Supreme Court had a fair opportunity to review the claims, irrespective of the nomenclature. Petitioner stated the federal constitutional standards and the facts necessary to support his claim of prosecutorial misconduct. The Ohio Supreme Court rejected the

---

[1] Leon Hill ("Respondent") raised the issue of procedural default in the Return of Writ. ECF No. 11.

claim under a different hat, but the body and substance under the hat were the same either way.

*Id.*

Petitioner's objections are unavailing. A claim is procedurally defaulted if a "a habeas petitioner fails to obtain consideration of a claim by a state court," either because of "the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim[.]" *Broom v. Mitchell*, 441 F.3d 392, 401 (6th Cir. 2006) (citation omitted). Procedurally defaulted claims are "not suitable for consideration by a federal court on habeas review[.]" *McGowan v. Burgess*, No. 23-1011, 2023 WL 4339296, at *3 (6th Cir. June 9, 2023).

Here, Petitioner did not appeal any issues related to prosecutorial misconduct to the Supreme Court of Ohio. State Record, ECF No. 9 at PAGEID # 286–356. Thus, Petitioner failed to raise the claim "before the state courts while state-court remedies [were] still available." *Broom*, 441 F.3d at 401 (citation omitted). As a result, Petitioner's only ground for relief is procedurally defaulted.

Petitioner's argument that "the Ohio Supreme Court had a fair opportunity to review the claims, irrespective of the nomenclature" is unpersuasive. To properly exhaust a claim (and, in so exhausting, avoid procedural default), a petitioner "must 'fairly present' the claim in each appropriate state court thereby

alerting that court to the federal nature of the claim." *McKay v. Genovese*, No. 22-5136, 2022 WL 19409797, at *3 (6th Cir. Aug. 8, 2022) (cleaned up). A claim is "fairly presented" when "the petitioner presented both the factual and legal basis for his claim to the state courts." *Maze v. Lester*, 564 F. App'x 172, 178 (6th Cir. 2014) (quotation marks and citations omitted). In other words, to "avoid a procedural default, the petitioner's federal habeas petition must be based on the same theory presented in state court and cannot be based on a wholly separate or distinct theory." *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citation omitted).

Here, Petitioner did not present a prosecutorial misconduct claim to the Supreme Court of Ohio. As a result, he did not present that court with the "same theory" he pursues in his habeas petition. True, many facts Petitioner points to on federal habeas were encompassed by the Second Proposition. However, it is "not enough that all the facts necessary to support the federal claim were before the state courts." *Maze*, 564 F. App'x at 178 (6th Cir. 2014) (quotation marks and citations omitted). In sum, because Petitioner failed to "present the same claim under the same theory to the state and federal courts," his claim is procedurally defaulted. *Maze*, 564 F. App'x at 179 (quotation marks and citations omitted).

Finally, to the extent Petitioner argues there is cause and prejudice to excuse the procedural default, that argument fails. A court may excuse procedural default if the petitioner shows "cause and prejudice." *Rogers v. Mays*,

69 F.4th 381, 395 (6th Cir. 2023). However, Petitioner argues only that his state appellate counsel made a strategic choice not to present the prosecutorial misconduct claim to the Supreme Court of Ohio. Obj., ECF No. 25. That is insufficient to show cause and prejudice. *Cf. Murray v. Carrier*, 477 U.S. 478, 486 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").

Accordingly, Petitioner's sole ground for relief is procedurally defaulted, and, as a result, the Petition must be dismissed.

## V.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

## VI. CONCLUSION

For these reasons, Petitioner's objections are **OVERRULED**. Both R&Rs are **ADOPTED**. The Clerk is **DIRECTED** to enter judgment for Respondent and close the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**